PISAMOA TAIFANE, Claimant

v.

SIAOSI P. LIUA, and MOU LIUA, Objectors

[In the Matter of the Matai title
"LIUA" in the village of Poloa]

High Court of American Samoa
Land and Titles Division

MT No. 04-88

June 1, 1990

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and
AFUOLA, Associate Judge.

Counsel: For Claimant, Tau'ese P.F. Sunia
For Objector Siaosi Liua, Asaua Fuimaono

This outstanding matter originated back in August 7, 1981, when
Pisamoa Taifane filed with the Territorial Registrar a succession claim
to the title "Liua" of the village of Poloa. Consistent with the
requirements of A.S.C.A. § 1.0407, the Registrar publicly posted notice
of the said claim for the requisite period of 60 days. The claim attracted
a timely objection from Mou Liua, as well as an objection filed on behalf
of Siaosi Liua by Sala Samiu as counsel for Siaosi Liua. On October 16,
1981, the Registrar referred the matter to the Office of Samoan Affairs
in accordance with A.S.C.A. § 43.0302. Somehow, the matter then got
buried at the Office of Samoan Affairs for the next five years. On
November 19, 1986, the Territorial Registrar received from the then
hearing officer for the Office of Samoan Affairs, Pulele'i'ite M.F.
Tufele, a memo (which also appears to have been signed by objector
Mou Liua) advising that Mou Liua had withdrawn his objection and that
in terms of the requirements of A.S.C.A. § 43.0302, "the case has been

settled and closed." Memorandum, Office of Samoan Affairs to Territorial Registrar, Serial 319:86, November 19, 1986. Notwithstanding this opinion rendered about a concluded settlement, the Territorial Registrar refused to register the title in favor of the claimant Pisamoa Taifane for the very obvious reason that the objection filed on behalf of Siaosi Liua was still pending. The Territorial Registrar finally submitted the matter to the High Court on October 25, 1988, as a "disputed claim" for judicial resolution in accordance with A.S.C.A. § 1.0409. The Clerk of Courts accordingly assigned the Territorial Registrar's file the next regular docket number, MT No. 04-88.

The next thing that happened with the file is that on January 10, 1989, a document was filed with the Clerk styled "Notice of withdrawal of counterclaim." It stated, among other things, that "counter-claimant Siaosi Liua has desired to withdraw his counter-claim to the title of Liua," and it was signed by Sala E. Samiu as counsel for Siaosi Liua. Then on February 7, 1989, claimant Pisamoa Taifane filed an *ex-parte* motion *pro se* seeking dismissal upon the ground that Siaosi Liua had now withdrawn his objection. The motion was neither granted nor denied by the Chief Justice who required, among other things, that an affidavit from Siaosi Liua himself be supplied to confirm the withdrawal of his objection.

On December 12, 1989, Siaosi Liua, now represented by attorney Asaua Fuimaono, filed a motion to intervene and set trial date. In response, counsel Tau'ese Sunia entered appearance on behalf of the claimant and filed a reply to the motion. The motion was heard and denied on December 29, 1989. The Court further ordered that Siaosi Liua either file his affidavit affirming or disaffirming counsel Sala Samiu's withdrawal of his objection within 60 days or suffer the dismissal of any claims he may have for lack of prosecution. On January 26, 1990, yet another motion to intervene and set a trial date was filed by Siaosi Liua. With this filing, however, an affidavit by Siaosi Liua (a member of the United States Air Force stationed at Tucson, Arizona) finally materialized; it nonetheless failed in its entirety to address the issue of whether the objection withdrawal by counsel Sala Samiu was authorized or not. For a variety of reasons, the hearing of the motion was postponed. In the interim, claimant Pisamoa Taifane also filed a motion for summary judgment. Eventually the Court set all pending motions for hearing on May 30, 1990, and further ordered that a subpoena issue to Sala Samiu to appear and testify as to the circumstances behind his representation of Siaosi Liua.

At the hearing, Sala Samiu testified that he was instructed by his sister, the mother of Siaosi Liua, to file an objection on her son's behalf. He was also instructed by his sister to withdraw the objection after being reassured by his sister that the matter had been settled within the family. Sala Samiu had no direct communication, however, with his off-island nephew. Siaosi Liua was also present at the hearing and he also took the stand. He testified that he had no idea in 1981 that the Liua title was the subject of succession claims nor that an objection had been registered on his behalf. He candidly admitted that he had only heard about the matter sometime last year and then decided to get involved with contesting the family title because of the urging of one of his aunts, and because he had discovered that his cousin Mou Liua was no longer interested in the title.

### Conclusion

On the testimony, it is abundantly clear that Siaosi Liua was not an objector to Pisamoa Taifane's claim filed with the Territorial Registrar in 1981. For some seven years he was not even aware that he was put forth as an objector, let alone as a candidate, for the matai title Liua. Furthermore, the evidence was also very clear that Siaosi Liua's present desires for the title relate to a recent fall out between certain members of his side of the family and claimant Pisamoa Taifane.

On the law, there is not the slightest ambiguity with the statute's requirement that objections to a matai title claim are to be filed with the Territorial Registrar within the sixty (60) days of the public posting of that claim. A.S.C.A. § 1.0407(a) provides in part: "The territorial registrar may not accept any counterclaims or objections filed after the sixtieth day as defined herein." To permit Siaosi Liua to intervene at this stage would be to ignore the unequivocal statutory mandate.

The situation before us then is that of one party remaining. In such circumstances, there is no disputed claim for trial and dismissal is, therefore, appropriate. *In re the Matai title Lutali*, 4 A.S.R. 10 (1970). The matter is dismissed and remanded to the Territorial Registrar.

It is so Ordered.